UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | | |
|---|---|---|
| ALAN RUPP<br>2420 Ampere Drive<br>Louisville, Kentucky 40299<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THE COURIER-JOURNAL, INC.<br>525 W. Broadway<br>Louisville, Kentucky 40203<br><br>　　Serve: CT Corporation System<br>　　　　　306 W. Main St.<br>　　　　　Suite 512<br>　　　　　Frankfort, Kentucky 40601<br><br>　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.  3:18-cv-277-RGJ |

Plaintiff, Alan Rupp, for his claim against Defendant, The Courier-Journal Inc., states as follows:

## I.  **INTRODUCTION**

1.　　This is an action for equitable relief and damages against The Courier-Journal Inc. ("**CJ**"), arising from its multiple misuses of and infringement and/or dilution of the Plaintiff's statutory and common law trademarks and its unfair competition. This action arises in part under 15 U.S.C. Section 1114 and 15 U.S.C. Section 1125.

## II.  **JURISDICTION**

2.　　The jurisdiction over this action is based upon 15 U.S.C. Section 1121 in that this is a civil action arising under 15 U.S.C. Section 1125, et seq., and upon 28 U.S.C. Section 1331 in that this is an action also arising under federal law

1

### III. PARTIES

3.      Plaintiff, Alan Rupp, is the owner of the trademark DERBY-PIE ® and is a resident and citizens of Kentucky.

4.      The Defendant, CJ, is a business in the Commonwealth of Kentucky that has infringed and diluted the DERBY-PIE ® trademark in Kentucky and has engaged in unfair competition here.

### IV. FACTUAL ALLEGATIONS

5.      Beginning at least as early as 1954 and continuing to date, Plaintiff, his predecessors and their licensees have applied the trademark DERBY-PIE ® to various products sold on a nationwide basis.  This name has become a valuable business asset of the Plaintiff.

6.      The Trademark DERBY-PIE ® is duly registered to the Plaintiff and was duly renewed to the Plaintiff on January 13, 2009.  See **Exhibit A**.

7.      The trademark DERBY-PIE ® is a famous mark.

8.      Beginning some time last year and continuing to date, Defendant has knowingly infringed upon Plaintiff's trademark, as shown in **Exhibits B, C** and **D**, including on its website at https://www.courier-journal.com.

9.      Although notified of the existence of the trademark DERBY-PIE ® in 1992 and before, Defendant has continued to infringe and encourage others to infringe the mark in a knowing, willful and malicious manner.  See **Exhibit E**.

10.     Immediately after the publication of **Exhibit B**, Defendant was informed of the infringement in question.  See **Exhibit F**.  Barely two weeks went by until CJ decided

to infringe again. **Exhibit C.**

11. Unless the Court restrains and enjoins CJ from further trademark infringement and from otherwise engaging in unfair competition, and trademark and trade name dilution, Plaintiff will be irreparably harmed and it has no adequate remedy at law.

## V. CLAIMS

### COUNT I

12. Restates the allegations contained in paragraphs 1 - 11.

13. The actions of the CJ constitute statutory and common law trademark infringement, inducement of infringement, contributory infringement and false designation of the origin.

14. As a result, Plaintiff has been damaged as specified in Section VI, is entitled to equitable relief as specified in Section VIII, and is entitled to punitive damages as specified in Section VII.

### COUNT II

15. Restates the allegations contained in paragraphs 1-14 above.

16. The actions of the Defendant constitute dilution of the commercial value of the Plaintiff's famous trademark and/or trade name.

17. As a result, Plaintiff has been damaged as specified in Section VI, is entitled to equitable relief as specified in Section VIII, and is entitled to punitive damages as specified in Section VII.

## COUNT III

18. Restates the allegations contained in paragraphs 1 - 17. The action of the Defendant constitute fraud.

19. As a result, Plaintiff has been damaged as specified in Section VI is entitled to equitable relief as specified in Section VIII and is entitled the punitive damages specified in Section VII.

## VI. DAMAGES

20. The actions of the Defendant in infringing and diluting Plaintiff's trademark and/or trade name, both directly and indirectly, in engaging in unfair competition, and in passing off its goods as those of the Plaintiff, have damaged Plaintiff in an amount in excess of $250,000. In addition, Plaintiff demands further damages sufficient to enable Plaintiff to advertise and to correct and dispel any public confusion caused by the actions of Defendant.

## VII. PUNITIVE DAMAGES

21. The actions of the Defendant in directly and indirectly infringing and diluting Plaintiff's trademark and trade name, in engaging in unfair competition and fraudulent misrepresentations, and in passing off its goods as those of the Plaintiff, were carried out willfully, wantonly and maliciously and with knowledge of Plaintiff's rights. As a result, the damages awarded under Section VI ought to be trebled or Plaintiff ought to be awarded punitive or exemplary damages in an amount in excess of $750,000.

## VIII. EQUITABLE RELIEF

22. Because the Plaintiff has been and will be irreparably harmed and has no adequate remedy at law, this Court ought to restrain and enjoin Defendant from directly or indirectly infringing Plaintiff's trademark, from further diluting Plaintiff's trademark, and from engaging in unfair acts of competition.

23. CJ ought to be enjoined to deliver up to be impounded and destroyed all documents—both paper and electronic--which infringe upon or dilute Plaintiff's trademark and to engage in a program of corrective advertising to dispel any confusion caused by Defendant' infringing activities.

24. Plaintiff is entitled to an accounting for any profits made by the Defendant as a result of its actions described herein.

WHEREFORE, Plaintiff demand as follows:

1. A judgment against the Defendant in an amount in excess of $250,000 in compensatory damages;

2. A judgment against the Defendant in an amount in excess of $750,000 in punitive damages;

3. An award of damages in an amount sufficient to enable Plaintiff to advertise to correct and dispel any confusion caused by the actions of the Defendant;

4. A restraining order and preliminary and permanent injunctions restraining and enjoining Defendant from directly or indirectly infringing Plaintiff's trademark, from passing off others' goods as those of Plaintiff, from diluting Plaintiff's trademark, and from otherwise engaging in acts of unfair competition;

5. An order requiring the Defendant to deliver up for destruction any infringing products or documents and to engage in a corrective advertising programs;

6. An accounting;

7. Reasonable attorneys' fees;

8. A trial by jury;

9. Its costs herein expended; and

10. All further relief to which Plaintiff may appear properly entitled.

_____
Donald L. Cox
LYNCH, COX, GILMAN & GOODMAN, P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, Kentucky 40202
Ph: (502) 589-4215
doncox@lynchcox.com
*Counsel for Plaintiff*

## DECLARATION

I declare under penalty of perjury that I have read the foregoing Verified Complaint and that the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____  5/2/18
**Alan Rupp**

6